STATE OFFICERS AND EMPLOYEES
Those persons retired prior to the emergency effect of the amendments to 74 O.S. 915 [74-915](B) (1977) would not have a claim to any retroactive benefits as those subsequently retired for disability. Those persons retired since June 7, 1976, who could have been given additional disability compensation should be contacted and compensated accordingly. If persons were due compensation, then that compensation would be payable to the estate of such person if they have subsequently died. The Attorney General has considered your request for an opinion wherein you ask, in effect, the following questions: 1. Under the provisions of 74 O.S. 915 [74-915](B) (1977), what would be the effective date for payment of total disability benefits to: (a) those members retired prior to the date of Opinion No. 77-238 rendered on November 7, 1977? (b) those members who retired prior to the date of the amendment of 74 O.S. 915 [74-915](B) on June 7, 1976? 2. Must disability benefit payments be made retroactively to the date of entitlement in either of the above two cases? 3. What action must be taken on members who retired before the date specified and have since become deceased? 4. Must benefit payments be made retroactively to be beneficiaries designated by the deceased disabled retirant? Your question involves interpretation of 74 O.S. 915 [74-915](B) (1977). That section reads as follows: "A member shall be considered disabled if such member qualifies for the payment of Social Security disability benefits, and shall be eligible for benefits hereunder upon proof of such disability, provided such member is an active full-time employee with a participating employer at the time of injury or inception of illness or disease resulting in subsequent certification of eligibility for Social Security disability benefits by reason of such injury, illness or disease, providing such disability is certified by the Social Security Administration within one year after the last date physically on the job and after completion of at least ten (10) years of participating service or combined prior and participating service. The member shall submit to the Retirement System the Social Security Award Notice certifying the date of entitlement for disability benefits, as issued by the Social Security Administration, Department of Health, Education and Welfare, Baltimore, Maryland. Disability benefits shall become effective the first of the month following receipt of all properly executed documents and final approval by the Retirement System but shall not become effective prior to date of entitlement as established by the Social Security Administration. Benefits shall be based upon length of service and compensation as of the date of disability, without actuarial reduction because of commencement prior to age sixty-five (65). No optional forms of benefit payments shall be allowed. Benefit payments shall cease upon the member's recovery from disability prior to age sixty-five (65). Future benefits, if any, shall be paid based upon length of service and compensation as of the date of disability. In the event that disability ceases and the member returns to employment within the System credited service to the date of disability shall be restored, and future benefits shall be determined accordingly." (Emphasis added) 74 O.S. 915 [74-915](B) was amended in 1976. One of the amendments to this section provided for the recognition by the State Retirement System of the date of entitlement as established by the Social Security Administration. Prior to this amendment, there had been no direct mention of the date at which a disabled person would be entitled to receive benefits. It was the established practice and custom of the State Retirement System prior to the 1975 amendment to begin disability payments only after the State Retirement System had an opportunity to review the Social Security Award Notice. By the time the State Retirement System had a chance to review the determination by the Social Security Administration and make the award of disability, a considerable period of time may have passed. Under this procedure the State Retirement System would begin disability benefits as of the date of their final approval. The disabled worker would not be compensated for his time between the date of his termination employment and the date of the final approval. This was the ordinary and normal procedure in the State Retirement System. This procedure was not contrary to the special language of the statute. The law recognizes and respects policies and procedures of the state agencies which have been practiced over a long period of time. See Atlantic Refining Company v. Oklahoma Tax Commission, 360 P.2d 826 (1959). However, the amendments provided by the Legislature in 1975 gave recognition to the Social Security Administration eligibility date. Under provisions of 74 O.S. 915 [74-915](B) as now amended, the State Retirement System may pay disability benefits retroactive to the date of disability, but not prior to the date of entitlement, as established by the Social Security Administration. This conclusion was reached in Attorney General's Opinion No. 77-238, issued November 7, 1977. Under these provisions where the State Retirement System has received the proper documentation and has approved the disability retirement, the benefits they award may include compensation for the period of time between the disability and the granting of the disability retirement with the guidelines set out in Opinion No. 77-238. The State Retirement System in extending retirement disability benefits in accordance with Opinion No. 77-238 should do so consistently with all retirees retiring after the effective date of the last amendments, June 7, 1976. The issuance of Attorney General's Opinion No. 77-238 did not change the law but merely interpreted the law which had been in effect since June 7, 1976. On this basis your questions would have to be answered accordingly and the retroactive effect of retirement benefits would extend to June 7, 1976. The consistent application of law would require contacting those persons previously retired within the time period discussed. If any additional compensation were due to persons previously retired for disability who have since become deceased, then that entitlement would extend to their heirs. It is, therefore, the opinion of the Attorney General that your questions be answered as follows: Those persons retired prior to the emergency effect of the amendments to 74 O.S. 915 [74-915](B) (1977) would not have a claim to any retroactive benefits as those subsequently retired for disability. Those persons retired since June 7, 1976, who could have been given additional disability compensation consistent with current application of the law could and should be contacted and compensated accordingly. If persons were due compensation, then that compensation would be payable to the estate of such person if they have subsequently died. (JAMES H. GRAY)